UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SMITH, for S.L.I., III,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00791-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLAIMS BROUGHT ON BEHALF OF MINOR PLAINTIFF SHOULD NOT BE DISMISSED FOR LACK OF ATTORNEY<br><br>AUGUST 7, 2025 DEADLINE |

Plaintiff Michelle Smith is proceeding pro se in this action challenging the denial of social security benefits on behalf of her son S.L.I, III. (Doc. No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis*, and a motion to "represent" her son in this matter. (Doc. Nos. 2, 3).

It is well-settled in the Ninth Circuit that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024), *cert denied sub nom*. No. 24-812, 2025 WL 1426678 (U.S. May 19, 2025) (noting other circuits have "acknowledged concerns" about the counsel mandate with regard to a pro se *parent* proceeding on behalf of a child in federal court, but finding they are "bound by *Johns*,

which holds that a parent may not proceed pro se on her children's behalf"); *Belle v. Berryhill*, 2019 WL 12433360, at *1 (D. Nev. Jan. 18, 2019) (noting plaintiff cannot challenge denial of social security benefits on behalf of her minor child, and giving plaintiff a deadline to advise the court if she would retain counsel). Thus, the Court orders Plaintiff to show cause why Plaintiff's claims on behalf of her minor son should not be dismissed because S.L.I., III is not represented by a lawyer.

Additionally, the Court directs Plaintiff to consider the privacy protections for court filings under Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 140. Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), "[u]nless the court orders otherwise," a filing may include only a minor's initials. Moreover, under Local Rule 140(a)(i), unless the Court orders otherwise, "when filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact [minor's names] from all pleadings, documents, and exhibits…." Further, the Court will not "as a matter of course seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper." L.R. 140(e). This Order will refer to the minor referenced in the instant motion by his initials "S.L.I., III."

Accordingly, it is **ORDERED**:

1. Plaintiff shall file a written response to this order on or before **August 7, 2025** showing cause why the claims of minor S.L.I., III should not be dismissed without prejudice because Plaintiff has no authority to represent S.L.I., III. Alternatively, if counsel enters an appearance on behalf of S.L.I., III within this time period, the Court will vacate the order to show cause.
2. Plaintiff is directed to consult Federal Rule of Civil Procedure 5.2 and Local Rule 140.
3. Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and/or comply with the Court's order.

Dated:  July 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2