UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SMITH, for S.L.I. III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY.<br><br>　　　　Defendant. | Case No. 1:25-cv-00791-HBK<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Michelle Smith is proceeding pro se in this action challenging the denial of social security benefits on behalf of her minor son S.L.I., III. (Doc. No. 1). For the reasons set forth below, the undersigned recommends the District Court dismiss this action without prejudice for Plaintiff's failure to prosecute this action and/or comply with a court order.

**BACKGROUND**

Plaintiff initiated this action by filing a pro se Complaint on June 30, 2025. (Doc. No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis*, and a motion to "represent" her son in this matter. (Doc. Nos. 2, 3). On July 17, 2025 the Court issued an Order to Show Cause directing Plaintiff to show cause in writing by August 7, 2025 why the claims of S.L.I., III should not be dismissed without prejudice because Plaintiff cannot bring an action on behalf of her minor son S.L.I., III without retaining a lawyer. (Doc. No. 4). Alternatively, Plaintiff was

1

1  advised that if counsel enters an appearance on behalf of S.L.I., III within this time period, the
2  Court will vacate the order to show cause. (*Id*. at 2, ¶ 1).

3    Specifically, the Court advised Plaintiff that it is well-settled in the Ninth Circuit that "a
4  parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."
5  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Grizzell v. San Elijo
6  Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024), *cert denied sub nom*. No. 24-812, 2025
7  WL 1426678 (U.S. May 19, 2025) (noting other circuits have "acknowledged concerns" about the
8  counsel mandate with regard to a pro se parent proceeding on behalf of a child in federal court,
9  but finding they are "bound by *Johns*, which holds that a parent may not proceed pro se on her
10 children's behalf"); Belle v. Berryhill, 2019 WL 12433360, at *1 (D. Nev. Jan. 18, 2019) (noting
11 plaintiff cannot challenge denial of social security benefits on behalf of her minor child, and
12 giving plaintiff a deadline to advise the court if she would retain counsel).

13   Plaintiff was expressly warned that if she failed to respond to the Order to Show Cause,
14 the undersigned would recommend the district court dismiss this action for failure to prosecute
15 and failure to comply with the Order to Show Cause. (*Id*. at 2, ¶ 3). Plaintiff has not responded
16 to the Order to Show Cause and the deadline to do so has long expired.[1] *See* docket.

17                    **APPLICABLE LAW AND ANALYSIS**
18   **A. Dismissal Under Local Rule 110 and Federal Rule 41(b)**
19   This Court's Local Rules "[f]ailure of counsel or of a party to comply with . . . any order
20 of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within
21 the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to
22 control their dockets" and, in exercising that power, may impose sanctions, including dismissal of
23 an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
24 A court may dismiss an action based on a party's failure to prosecute an action, obey a court
25 order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
26

---

27 [1] The show cause order directed Plaintiff to respond no later than August 7, 2025. The Court waited an additional thirty-two (32) days to account for any delays before issuing these Findings and
28 Recommendations.

2

1    1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*
2    *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court
3    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
4    prosecute and to comply with local rules).  Here, Plaintiff was appraised that the Court would
5    recommend dismissal as a sanction for failing to comply with a Court order.  (*See* Doc. No. 4 at
6    2).  Thus, the Court may dismiss this case pursuant to Local Rule 110.

7    Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily
8    dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules
9    or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913
10   F.3d 884, 889 (9th Cir. 2019) (citations omitted).  In determining whether to dismiss an action
11   under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious
12   resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the
13   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
14   availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d
15   1439, 1440 (9th Cir. 1988).  After considering each of these factors, the undersigned concludes
16   dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious
17   resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191
18   F.3d 983, 990-91 (9th Cir. 1999).

19   Turning to the second factor, this Court's need to efficiently manage its docket cannot be
20   overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in
21   filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated
22   under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial*
23   *Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This
24   Court's time is better spent on its other matters than needlessly consumed managing a case with a
25   recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to
26   litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor
27   weighs in favor of dismissal.

28   Delays inevitably have the inherent risk that evidence will become stale, or witnesses'

memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, as noted in the Order to Show Cause, Plaintiff does not have the authority to represent S.L.I., III; thus, this factor does not weigh in Plaintiff's favor.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted above, the Court's July 17, 2025 Order directing Plaintiff to respond to the show cause order, expressly warned Plaintiff that his failure to timely comply would result in a recommendation of dismissal of this action. (*See* Doc. No. 4 at 2, ¶ 3). Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the

undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED:**

The Clerk of Court is directed to assign this case to a District Judge for the purposes of reviewing these findings and recommendations

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this case and/or obey a court order.

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 9, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE